UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO J. SCHWARTZ, III,

    Plaintiff,

v.                                                                 Civ. No. 09-772 KBM/ACT

NEW MEXICO CORRECTIONS DEPARTMENT
PROBATION AND PAROLE, REGION III-DISTRICT
VII-SOCORRO COUNTY DIVISION OF PROBATION
AND PAROLE, CHARLES RUTTA, JAMES R. BUNNELL,
TONYA TOOMEY, ROBERT MAY, CHARLENE KNIPFING,
SEAN GIFFORD,

    Defendants.

### ORDER DISMISSING COMPLAINT

THIS MATTER comes before the Court on pro se plaintiff Leo J. Schwartz, III's Motion to Proceed *in forma pauperis* ("IFP"), filed August 10, 2009, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Schwartz has consented, under 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), to have me conduct all proceedings in this case. *See* Doc. 4. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court must resolve the issue whether the complaint states a

claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983). Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory under § 1915(e)(2)(B)(ii)).

      Schwartz brings suit under 42 U.S.C. § 1983 seeking $1.5 million dollars for compensatory and punitive damages arising from "the circumstances involving [his] parole

revocation" in October 2007, for which he pleaded guilty and has completed his term of imprisonment. Doc. 1 at 4; *see id.*, Ex. 2 (state-court order revoking Schwartz's probation and noting that Schwartz admitted to violating the terms of his probation "by consuming alcohol while on probation"). "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In Count I, Schwartz contends that his right to equal protection under the Fourteenth Amendment was violated because he knows other probation violators whose probation was not revoked. *See* Doc. 1 at 9. In Count II, he alleges violation of his equal-protection rights because he believes that only those probationers who have committed alcohol-related crimes should be prohibited from consuming alcohol while on probation. *See id.* at 10. In Count III, Schwartz contends that requiring him to relocate to, and obtain employment in, another county while on probation violated his First and Fourteenth Amendment rights. *See id.* at 10-11. Schwartz complains in Count IV that, after he was jailed for his probation violation in August 2007, a probation officer obtained a warrant and seized his storage unit by temporarily replacing his lock with one belonging to the New Mexico Department of Corrections until his probation was revoked in October 2007. *See id.* at 13. He complains that his friend, who had the key to his storage-unit lock, was unable to access the unit during that period, and he contends that the seizure violated his rights under the Fourth and Fourteenth Amendments. *See id.*

Schwartz's first three claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that, to recover damages related to an allegedly unconstitutional conviction or imprisonment, a plaintiff filing suit under § 1983 must first establish that his conviction or

3

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding that *Heck* "applies to proceedings that call into question the fact or duration of parole or probation" under § 1983, and affirming district court's ruling that "no relief challenging a parole revocation is cognizable under § 1983 unless the plaintiff can show the revocation was invalidated by either a state tribunal or a federal habeas corpus decision"); *see also Kay*, 500 F.3d at 1221 (affirming dismissal of claims related to plaintiff's parole revocation because plaintiff "failed to demonstrate any attack on his parole revocation by a competent court"). As in the *Crow* case, Schwartz's claims for damages based on the alleged violation of his constitutional rights arising from his conditions of probation necessarily imply the invalidity of his probation revocation. He could have directly raised these issues in an appeal of his probation revocation, but he did not do so. He may not collaterally challenge the constitutionality of his revocation in a damages action under § 1983, and these claims will be dismissed with prejudice because it would be futile to allow him to amend his Complaint regarding Counts I-III.

     A claim for an unreasonable seizure of Schwartz's storage unit between the time Schwartz was jailed for the probation violation and the date he was convicted of that violation is not barred by *Heck*, however, because a determination that the seizure was unreasonable would not imply the invalidity of Schwart's probation revocation. *See Heck*, 512 U.S. at 487 n. 7. That does not mean, however, that Schwartz has stated a claim on which relief may be granted.

     Schwartz's Complaint alleges that probation officer Tonya Toomey obtained a search and seizure warrant for his storage unit after he was arrested and jailed, and that she placed another lock on it. *See* Doc. 1 at 13. He contends that seizing the unit was unreasonable because

he did not live there, and she, therefore had no "jurisdiction" to seize it.  *See id.*  He only complains, however, that a friend of his was unable to access the unit[1], and his Complaint indicates that, because he was in jail during that period, he could not have accessed the unit anyway, so he apparently suffered no injury from the temporary placement of the lock.  In order to state a claim for damages for an unreasonable seizure, "the § 1983 plaintiff must prove not only that the [seizure] was unlawful, but that it caused him actual, compensable injury . . . which . . . does not encompass the 'injury' of being convicted and imprisoned."  *Heck*, 512 U.S. at 487 n.7.  Schwartz has failed to allege sufficient facts to state a claim for relief against Toomey or the Department of Probation and Parole, and the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The Court must deny Schwartz's motion to proceed IFP[2] and dismiss Schwartz's Complaint under § 1915(e)(2)(B).  *See Brown v. Beck*, No. 06-4088, 203 Fed. Appx. 907, 910-11(10th Cir. Aug. 1, 2006) (noting that "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint.  Thus, [a plaintiff who has been denied permission to proceed IFP] can initiate a new action by refiling his complaint and either paying the full filing fee at the

---

[1] Of course, Schwartz may not attempt to bring claims on behalf of other people.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

[2] The Court notes that, although Schwartz's financial affidavit states that he has no income from any source and significant debt on which he makes no payments, he indicates that he has an undisclosed amount of money in a bank and savings and loan association and that he pays utility bills each month.  If Schwartz files any future complaints with motions to proceed IFP in this Court, he shall submit with his application proof of the amount of money he has, or has access to, in any bank, credit union, savings and loan association, or other financial institution and also disclose any investments of any kind that are held for him or for his benefit.

start of the litigation or successfully applying to proceed IFP and then complying with the district court's fee orders.").

**NOW, THEREFORE, IT IS ORDERED** that Schwartz's motion to proceed IFP (Doc. 3) is DENIED, and Counts I-III of his Complaint are DISMISSED with prejudice and Count IV of his Complaint is DISMISSED without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE