UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEO J. SCHWARTZ, III,

    Plaintiff,

v.                                                                  Civ. No. 09-772 KBM/ACT

NEW MEXICO CORRECTIONS DEPARTMENT
PROBATION AND PAROLE, REGION III-DISTRICT
VII-SOCORRO COUNTY DIVISION OF PROBATION
AND PAROLE, CHARLES RUTTA, JAMES R. BUNNELL,
TONYA TOOMEY, ROBERT MAY, CHARLENE KNIPFING,
SEAN GIFFORD,

    Defendants.

## ORDER DENYING MOTION TO PROCEED IFP ON APPEAL

THIS MATTER comes before the Court on Plaintiff Leo J. Schwartz, III's motion to proceed *in forma pauperis* ("IFP") on appeal, filed December 14, 2009 [Doc. 10]. The Court concludes that Schwartz's appeal is not taken in good faith and that his motion to proceed IFP on appeal should be denied. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); FED. R. APP. P. 24(a)(1) (requiring appellant who desires to appeal IFP to file motion in the district court).

Schwartz states in his financial affidavit accompanying his motion to proceed IFP on appeal that he receives $1200/month in disability checks and pays no rent, but that he pays $700/month in child support for a child with a different last name who does not live with him. *See* Doc. 10 at 7. He also states that he has $8500 as an "inheritance," *see id.* at 5, and he attached to his motion to proceed IFP in this Court a "Judgment of Possession" awarding to him on July 17, 2009, one-half of the funds in a checking account that had belonged to his father, *see* Doc. 3 at 6. The Court concludes that Schwartz has not established that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I.*

*DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Further, even if he had established indigency, Schwartz has failed to include in his motion to proceed IFP on appeal anything that "claims an entitlement to redress, and [] states the issues that the party intends to present on appeal," as required by FED. R. APP. P. 24(a)(1)(B), (C). Nor does he state in his notice of appeal itself the issues he wishes to present. *See* Doc. 7. To proceed IFP on appeal, the plaintiff "must show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (italics added); *see* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of cases if the court determines "that the allegation of poverty is untrue" or if "the action or appeal . . . is frivolous or malicious"); *Scott v. Milyard*, No. 09-1276, 2009 WL 3353093, *2 (10th Cir. Oct. 20, 2009) (noting that, even though the plaintiff had been allowed to proceed IFP in district court, "the district court found that 'the appeal is not taken in good faith because [the plaintiff/appellant] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal;'" agreeing that "the arguments are not well reasoned and fail to demonstrate an absence of frivolity;" and denying a renewed motion to proceed IFP on appeal). A "nonfrivolous argument" is a "rational argument on the law or facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

Because Schwartz has failed to show the existence of a reasoned, nonfrivolous argument on appeal, his appeal is not taken in good faith, and the Court will deny his motion to proceed IFP on appeal.

**IT IS ORDERED** that Schwartz's motion to proceed IFP on appeal [Doc. 10] is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE

Presiding by Consent